NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>HONG HAN,<br><br>        Debtor. | Civil Action No.  05-cv-5673 (PGS)<br><br>**OPINION** |

**SHERIDAN,  U.S.D.J.**

Appellee has moved to dismiss this bankruptcy appeal on account of appellant's failure to file its Notice of Appeal within the ten day period as required in Rule 8002 of the Federal Rules of Bankruptcy.  Appellant has not opposed the motion.

I.

On August 9, 2005, the Honorable Donald H. Steckroth, U.S.B.J., entered an order, in relevant part, authorizing the debtor/appellee, Hong Han, to sell a certain parcel of real property free and clear of liens, claims, encumbrances and interests, with all valid liens, claims encumbrances and interests to attach to the proceeds, to Eui Lee pursuant to 11 U.S.C. §363(b), (f) and (m), and to pay appellee, Countrywide Home Loan, Inc. ("Countrywide"), the sum of $3,751,887.51 in full satisfaction of the Final Judgment of Foreclosure.

A motion for reconsideration was timely filed by Countrywide and denied by the bankruptcy court on September 14, 2005.

Countrywide filed an appeal to the District Court on September 26, 2005.  Appellee has moved to dismiss the appeal on the basis that the ten-day period from which an appeal can be taken expired, divesting the District Court of jurisdiction.

The time for filing an appeal does not begin to run until the bankruptcy court denies the movant's motion for reconsideration. *In re Farley*, 158 B.R. 48 (E.D. Pa. 1993).

Given that, Rule 8002(a) of the Federal Rules of Bankruptcy clearly provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. While an extension of time can be applied for in accordance with Rule 8002(e), no such extension was sought by appellant.

In this Circuit, the ten-day deadline for filing a notice of appeal in a bankruptcy proceeding is strictly construed. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873 (3d Cir. 1997). However, the ten-day limitations period is calculated according to the provisions of Rule 9006(a), which provides that, "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday...in which event the period runs until the end of the next day which is not one of the aforementioned days." F.R.B.P. 9006(a); see also *In re Daniels*, 2002 WL 850191 (M.D. Pa. 2002).

Judge Steckroth entered the Reconsideration Order on Wednesday, September 14, 2005. Therefore, the ten-day period would expire on Saturday, September 24, 2005. Appellants had ten days to file a notice of appeal from the bankruptcy court's decision and, because the ten-day period expired on a Saturday, the deadline was automatically extended to the following Monday. See *In re Schimmels*, 85 F.3d 416 (9th Cir. 1996).

In light of the foregoing, appellant's filing of the Notice of Appeal on Monday, September 26, 2005 was timely. Motion Denied.

August 18, 2006

S/ *Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.